UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ARRON L. DeCLUE, )
)
        Petitioner, )
) CAUSE NO. 3:14-CV-209 RM
    vs. )
)
SUPERINTENDENT, )
)
        Respondent. )

OPINION AND ORDER

Arron L. DeClue, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 seeking to challenge a prison disciplinary proceeding. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition and attachments, in WCC #11-01-0006, DeClue was found guilty of unauthorized possession of property. (DE 1 at 1; DE 1-1 at 4.) He was ordered to pay restitution, assigned additional work duties, and deprived of commissary privileges for 14 days. (DE 1-1 at 4.) Under the applicable law, a prison disciplinary proceeding can be challenged in a habeas petition only if it lengthened the duration of the prisoner's confinement. Hadley v. Holmes, 341 F.3d 661, 664-65 (7th Cir. 2003); Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000). Mr. DeClue's disciplinary proceeding didn't result in the loss of earned-time credits or a credit-class demotion, and instead affected the severity rather than the duration of his confinement. "More restrictive custody must be challenged

under [42 U.S.C.] § 1983, in the uncommon circumstances when it can be challenged at all."

Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001).

For these reasons, the petition (DE 1) is **DISMISSED** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED

ENTERED: February  7 , 2014.    /s/ Robert L. Miller, Jr.
Judge
United States District Court